ERNEST P. BRADLEY v. EVELYN P. BRADLEY

No. 7126DC389

(Filed 14 July 1971)

Courts § 14; Divorce and Alimony § 19— motion for change of foreign alimony judgment — jurisdiction of district court

A district court judge in Mecklenburg County did not have jurisdiction to entertain plaintiff's motion for a reduction of alimony payments to defendant ordered by a Georgia court upon divorce of the parties in that state.

APPEAL by defendant from *Arbuckle, District Judge,* 4 February 1971 Session, District Court Division, General Court of Justice, MECKLENBURG County.

This is a most unusual proceeding. It was stipulated by both parties, "This action was commenced by the filing of a Motion with the Clerk of Superior Court of Mecklenburg County, North Carolina, on July 27, 1970 and the issuance of an Order pursuant thereto, requiring the defendant to appear on August 6, 1970, and show cause why payment by the plaintiff to defendant for alimony should not be reduced. The Order and Motion were duly and properly served and it will not be necessary to include in the Case on Appeal the Return of Service."

It appears from the record filed with this case that on 9 April 1969 in a divorce action pending in the Superior Court of DeKalb County, State of Georgia, the Superior Court Judge in that county entered a judgment requiring the plaintiff to pay to the defendant permanent alimony in the sum of $250.00 per month, commencing 1 April 1969, until such time as the defendant-wife should remarry or die. The motion referred to in this stipulation as to how this action was commenced in North Carolina was apparently a motion for a change in the judgment entered in the Georgia case. Under date of 4 February 1971, Judge Arbuckle entered the following order:

" IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that paragraph 5 of the Order of the Superior Court Judge of DeKalb County, Georgia, dated April 9, 1969, be and is hereby modified as follows:

'The plaintiff is to pay to the defendant as permanent alimony the sum of $250.00 per month, until such time as she dies or remarries; provided, however, that the payments are reduced to an amount of $50.00 per month for and during the period that the defendant remains gainfully employed; under proper showing that the defendant has been continuously unemployed for a period of 90 days, said payments shall revert to the sum of $250.00 per month until such time as the defendant again obtains employment, dies or remarries.' "

From the entry of this order and the denial of a motion entered (prior to the introduction of any evidence) by the defendant that this cause be dismissed for that "this Court does

Bradley v. Bradley

not now have jurisdiction over the parties and the subject matter of this action," the defendant appealed to this Court.

*Haynes and Baucom by W. J. Chandler, Jr., for plaintiff appellee.*

*Peter H. Gerns for defendant appellant.*

CAMPBELL, Judge.

It is not infrequent to hear the most populous county in the State of North Carolina—Mecklenburg County—referred to as "The Great State of Mecklenburg." This great county is not only famous as the most populous county in the State but also as the county where on May 20, 1775, independence from England was declared in the famous Mecklenburg Declaration of Independence—documented on the North Carolina State flag. Despite such fame, the District Court Judges of that county have not acquired jurisdiction to entertain motions filed in causes pending in the Superior Court of DeKalb County, State of Georgia. The State of Georgia is not even contiguous to Mecklenburg County. It is elementary that no court can make orders affecting its citizens until and unless proper jurisdiction has been obtained.

Rule 2 of the Rules of Civil Procedure provides:

"There shall be in this State but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action." G.S. 1A-1, Rule 2.

Rule 3 as contained in G.S. 1A-1 provides how a civil action is commenced. There is no provision for any such procedure as was attempted in this case. For the lack of any jurisdiction, the purported order of Judge Arbuckle entered 4 February 1971 is reversed, and this cause is remanded to the District Court of Mecklenburg County for the entry of an order dismissing the motion filed 27 July 1970, by Ernest Phillip Bradley.

Reversed and remanded.

Chief Judge MALLARD and Judge HEDRICK concur.